IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY d/b/a TEXAS BONDING COMPANY,     Plaintiff, | § § § § § | |
| v. | § § § § § | Civil Action No. 3:21-CV-2768-BH |
| PAUL WIGGINS,     Defendant. | | Consent Case[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is *Plaintiff's Motion for Summary Judgment*, filed May 18, 2022 (doc. 24), and *Defendant Paul Wiggins' Amended Motion for Summary Judgment*, filed January 19, 2023 (doc. 36). Based on the relevant filings, evidence, and applicable law, the plaintiff's motion is **DENIED,** and the defendant's motion is **GRANTED**.

**I.  BACKGROUND**

American Contractors Indemnity Company d/b/a Texas Bonding Company (Plaintiff) agreed to issue performance and payment bonds on behalf of NACC, Inc. (NACC) for construction projects in Texas. (doc. 37-1 at 2.)[2] On August 15, 2015, Paul Wiggins (Defendant) and other individuals associated with NACC executed an indemnity agreement to protect Plaintiff from any losses it incurred under the bonds. (*Id.* at 105-25.) It later demanded reimbursement from Defendant under the indemnity agreement for claims it received and paid against the bonds. (*Id.* at 127-36.) After he failed to comply with is demands, on July 24, 2017,  Plaintiff filed an indemnity enforcement action against Defendant and the other individuals. (*Id.* at 96-103.)

---

[1]By order filed December 14, 2022 (doc. 31), this matter has been transferred for the conduct of all further proceedings and the entry of judgment.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On April 19, 2019, Plaintiff and Defendant entered into a Settlement Agreement to resolve all disputes between them in the lawsuit. (*Id.* at 37-1 at 7.) The agreement states, in relevant part:

> 1. [Defendant] severally agrees to remit payment to [Plaintiff] in good and certifiable funds in the amount of $185,000 as follows: $2,500 per month for 74 months with the first payment due on or before June 1, 2019 and a final payment due on or before August 1 2025. [ ]
>
> 3. [Defendant] agrees to the entry of an agreed judgment for $233,333 (the "[ ] Agreed Judgment"), which will be held in trust by counsel for [Plaintiff] and no action shall be taken on the same except upon default as provided herein. If [Defendant] fails to make a payment required under Paragraph 1 above, [Plaintiff] has the right to file and execute on the Agreed Judgment for the unpaid amount under this Agreement subject to the notice requirements of Paragraph 13 below. Any amounts paid by [Plaintiff] under Paragraph 1 above shall be credited against the amount of the agreed judgment. Any action to file and enter the [ ] Agreed Judgment must be filed in federal district court for the Northern District of Texas, Dallas Division.
>
> 5. [Plaintiff] agrees to dismiss the above-referenced Lawsuit without prejudice within 10 days of the execution of this Agreement and the Agreed Judgment[ ] referenced herein. [Plaintiff] will prepare the [ ] Agreed Judgment . . . referenced in paragraph[ ] 3 [ ], above.
>
> 13. Default under Settlement Agreement. No default shall be declared or exist unless and until the defaulting Party shall first be provided written actual notice via email and certified mail, return receipt requested, of the purported default and 15 calendar days to cure the alleged default[.]

(*Id.* at 8-10.) On June 11, 2019, the indemnity action was dismissed without prejudice. *See American Contractors Indemnity Company d/b/a Texas Bonding Co. v. NACC, Inc., et al.*, No. 3:17-CV-1955-S, (N.D. Tex.), doc. 62. After the dismissal, Plaintiff's counsel emailed Defendant's counsel on June 13, 2019, requesting that Defendant execute the Agreed Judgment under the Settlement Agreement. (doc. 28-1 at 3.) Defendant's counsel confirmed that Defendant would sign the Agreed Judgment in an email dated July 3, 2019, but counsel never received one for him to execute. (*Id.* at 2-3.)

Between June 2019 and December 2019, Plaintiff received seven monthly payments of $2,500, totaling $17,500, from Defendant. (doc. 37-1 at 24.) Beginning January 2020, Defendant stopped

2

sending the monthly payments. (*Id.*) On April 14, 2021, a Notice of Default was mailed to Defendant; it contended that he was in default under the Settlement Agreement because he had not paid the required monthly payments for a period of 16 months, from January 2020 through April 2021, or executed the Agreed Judgment. (*Id.* at 36-38.) It also stated that he had fifteen days to cure the default by executing the Agreed Judgment and paying the full amount of outstanding monthly payments. (*Id.* at 37.) Defendant failed to timely cure the default. (*Id.* at 25.)

**A.      Prior Lawsuit**

On October 22, 2020, Plaintiff sued Defendant in Texas state court for breach of contract, alleging that he had breached the Settlement Agreement by "failing or refusing to sign the agreed judgment, failing to make required payments beginning with the January 2020 payment, and failing to cure following written notice of default from [Plaintiff]." (*Id.* at 4.) It requested contractual damages of $215,833 and attorney's fees and expenses under Chapter 38 of the Texas Civil Practice & Remedies Code. (*Id.*) On July 2, 2021, Plaintiff moved for summary judgment on all claims against Defendant, arguing there was no genuine issue of material fact that he had breached the Settlement Agreement "by failing to make payments due in January 2020 and beyond" and "failing or refusing to execute the Agreement Judgment;" that the breach caused it "damages of $215,833, representing the amount of the Agreed Judgment provided for in the Settlement Agreement as a remedy for [his] default ($233,333.00) less amounts already paid ($17,500);" and that it was entitled to $18,898.01 in attorney's fees, costs, and expenses. (*Id.* at 19.) Attached to its motion were copies of the Settlement Agreement, Agreed Judgment, and Notice of Default, as well as an affidavit of Plaintiff's representative stating that Defendant had failed and refused to execute the Agreed Judgment and that Plaintiff had not received payments from him for January 2020 through April 2021. (*Id.* at 23-40.) On

3

August 24, 2021, Plaintiff filed a supplement to its summary judgment motion to clarify that the total amount of missed monthly payments owed for the period between the date of the first missed payment (January 2020) and the date of the notice of default (April 2021) was $40,000. (*Id.* at 82.)

At a hearing on the summary judgment motion on August 20, 2021, Plaintiff requested entry of a judgment awarding it $40,000 in damages for the sixteen missed payments through the notice of default and $10,059.50 in reasonable and necessary attorney's fees, and the state court entered an interlocutory order that granted the motion in part as requested on September 10, 2021. (*Id.* at 85, 138.) On September 15, 2021, Plaintiff filed a "Motion to Dismiss without Prejudice & Entry of Final Judgment," requesting that the remaining portion of its breach of contract claim against Defendant relating to the Agreed Judgment and the payments missed after the notice of default be dismissed without prejudice, and that final judgment be entered. (*Id.* at 85-86.) According to the motion, the state court had not considered Plaintiff's "breach claim as it related to the agreed judgment or any other amounts owed under the settlement agreement from May 2021 forward." (*Id.* at 85.)

On September 16, 2021, the state court entered a final judgment that granted Plaintiff's motion to dismiss in full and its motion for summary judgment in part, awarded it $40,000 in damages and $10,059.50 in attorney's fees, and dismissed the portion of its breach of contract claim against Defendant that "related to (1) failure to enter into an agreed judgment; and (2) amounts due to [Plaintiff] for all claims for non-payment due and owing on or after May 1, 2021 [] without prejudice to refiling same." (*Id.* at 90.)

**B.    Current Lawsuit**

On November 9, 2021, Plaintiff filed this action against Defendant for breaching the Settlement Agreement. (doc. 1.) The amended complaint alleges that Defendant "failed to make any payments

4

as required by the Settlement Agreement." (doc. 6 at 2.) It also alleges that "the Settlement Agreement required [Defendant] to execute an agreed judgment in the amount of $233,333.00, less any amount paid by [him] to [Plaintiff]," but he "has refused to enter into the agreed judgment despite proper demand." (*Id.*) It seeks specific performance of the Settlement Agreement and attorney's fees under the agreement and Chapter 38 of the Texas Civil Practice & Remedies Code. (*Id.* at 3-4.)

On May 18, 2022, Plaintiff moved for summary judgment on its claims against Defendant. (doc. 24.) Defendant responded on June 8, 2022, and Plaintiff replied on June 22, 2022. (docs. 27, 29.) On January 19, 2023, Defendant moved for summary judgment on grounds that the claims in the current lawsuit are barred by the doctrine of res judicata. (doc. 36.) Plaintiff responded on February 9, 2023, and Defendant replied on February 22, 2023. (docs. 40, 42.)[3]

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant bears the burden of proof on an issue, it must "establish beyond peradventure *all* of the essential elements

---

[3]Plaintiff filed a separate garnishment action to collect on its final judgment in the prior lawsuit on July 6, 2022. (doc. 37-1 at 147-56.) After it received $50,059.50 from Defendant in satisfaction of the final judgment, a release of judgment was entered in the garnishment action on September 7, 2022. (*Id.* at 147, 157.)

of the claim or defense." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)) (emphasis original). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (quotations omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant meets its summary judgment burden, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[4] Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc);

---

[4]"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

*Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to its case and as to which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### III.  RES JUDICATA[5]

Defendant contends that he is entitled to summary judgment because the doctrine of res judicata bars Plaintiff's claims as a matter of law. (doc. 37 at 9.)

In Texas,[6] "[r]es judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). "When a prior judgment is offered in subsequent litigation in which there is identity of parties, issues, and subject matter, such judgment is treated as an absolute bar to retrial of claims pertaining to the same cause of action on the theory that they have merged into the judgment." *Note Inv. Grp., Inc. v. Assocs. First Cap. Corp.*, 83 F. Supp.3d 707, 725 (E.D. Tex. 2015) (quoting *Nat'l Union Fire Ins. Co. v. John Zink Co.*, 972 S.W.2d 839, 846 (Tex.App.–Corpus Christi 1998, no writ)). To prevail based on res judicata, the proponent must prove: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with them, and (3) a second action based on the same claims as were raised or should have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

---

[5]Because res judicata is an absolute bar to a party's claims, this argument is considered first.

[6]"When a federal court is asked to give res judicata effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment under the res judicata principles of the state from which the judgment originates." *Jones v. Sheenan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996).

7

**A.     Prior Final Judgment**

Defendant contends that the first element of res judicata is satisfied because the judgment in the prior lawsuit was a final judgment on the merits by a court of competent jurisdiction. (doc. 37 at 10-11.)

A partial summary judgment is a decision on the merits that becomes final on the disposition of the other issues in the case. *See Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995). "Once a ruling is made on the merits, as in a summary judgment, that decision becomes final as to that issue and cannot be vitiated by nonsuiting and refiling the case." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008). In Texas, as a general rule, "plaintiffs have the right to take a nonsuit at any time until they introduce all evidence other than rebuttal evidence." *Hyundai Motor*, 892 S.W.2d at 854 (citing Tex. R. Civ. P. 162). A nonsuit taken after a partial summary judgment results in a dismissal with prejudice as to the issues adjudicated in favor of the movant. *Id.* at 855. "[W]hen a nonsuit is filed after a partial judgment has been signed, the judgment does not become final until the trial court signs either an order granting the nonsuit or a final judgment explicitly memorializing the nonsuit." *Iacono v. Lyons*, 6 S.W.3d 715, 716 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Here, after the state court granted partial summary judgment on the portion of its breach of contract claim for the damages and attorney's fees incurred through the notice of default, Plaintiff moved to nonsuit the remaining portion of its breach of contract claim relating to the signing of the Agreed Judgment and outstanding payments owed after May 2021. (doc. 37-1 at 85-86, 138.) The state court entered a "Final Judgment," which stated that Plaintiff was entitled to partial summary judgment, that its motion to dismiss was granted, that its unadjudicated claims were dismissed without prejudice, and that the judgment was "a final appealable order." (*Id.* at 90-91.) Defendant has met his summary

8

judgment burden to establish a prior final judgment on the merits by a court of competent jurisdiction. *See Joachim*, 315 S.W.3d at 862; *see also Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (explaining that an order is "final and appealable" if the court's intent to dispose all remaining parties and claims is clear based on the order's language and record in the case); *see, e.g., Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 841 (Tex. App.—Austin 2007, no pet.) ("Here, the judgment, which is labeled 'final judgment,' dismissed without prejudice the claims over which the trial court lacked jurisdiction and granted a take-nothing summary judgment on the claims over which it had jurisdiction. Because this judgment appears final on its face and disposes of all of the Picketts' claims, we conclude that it is a final judgment.").

Plaintiff does not dispute that the state court was a court of competent jurisdiction; it instead argues that there was no final judgment on the merits because the court never ruled on the portion of its claim relating to entry of the Agreed Judgment and did not "consider the issue of future payments under the settlement agreement."(doc. 29 at 2.)  It does not present any authority in support of this argument, however. After Plaintiff obtained partial summary judgment and nonsuited the remaining portion of its breach of contract claim, the state court signed "a final judgment explicitly memorializing the nonsuit." *Iacono*, 6 S.W.3d at 716; *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) ("A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language."). Because the record shows that a final judgment disposing of all pending parties and claims by a court of competent jurisdiction was entered in the prior lawsuit, the first element of res judicata is satisfied.

**B.     Identity of Parties**

"Identity of parties" requires that both parties to the current suit be parties to the prior suit or

in privity with the parties to the prior suit. *Jones*, 82 F.3d at 1341. Because it is not disputed that the parties are identical in both actions, the second element is satisfied. (*See* docs. 6; 37-1 at 1-5.)

### C. Same Claims

Defendant contends that the breach of contract claim in the current lawsuit is based on the same claim that was actually asserted, or could have been raised, in the prior lawsuit because it arises from the same contract and transaction that formed the basis of that suit. (*See* doc. 37 at 11.)

Texas courts employ a "transactional approach" to determine what claims should have been litigated in an earlier suit. *Jones*, 82 F.3d at 1342. Under this approach, "a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). A determination of what constitutes the subject matter requires an analysis of the factual matters that make up the "gist of the complaint" without regard to the form of the suit. *Barr*, 837 S.W.2d at 630. This determination is made "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage.'" *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021) (citation and quotations omitted). "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Barr*, 837 S.W.2d at 630.

"Generally, res judicata prevents a plaintiff from abandoning claims and subsequently asserting them when the claims could have been litigated in the prior suit." *Daccach*, 217 S.W.3d at 449. "The policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double

recovery." *Barr*, 837 S.W.2d at 629. A party may not split a cause of action and subsequently assert claims that could have been litigated in the first instance. *See Schneider Nat. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 278 (Tex. 2004) ("Texas law forbids splitting one claim into several suits when a single suit will suffice."). Ultimately, a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connection transactions, out of which the action arose. *Barr*, 837 S.W.2d at 631.

In the prior lawsuit, Plaintiff asserted a breach of contract claim against Defendant, alleging that he breached the Settlement Agreement because he failed to make the required monthly payments after December 2019, and to sign the Agreed Judgment. (doc. 37-1 at 1-5.) It requested damages in the amount of $215,833, which was the amount in the Agreed Judgment ($233,333) less Defendant's prior monthly payments ($17,500), as well as its attorney's fees. (*Id.* at 4.) Plaintiff moved for summary judgment against Defendant, arguing it was entitled to that amount as its damages for his breach of the Settlement Agreement. (*Id.* at 15-21.) The state court granted Plaintiff's motion for summary judgment in part and awarded it $40,000 in damages and $10,059.50 in attorney's fees, as it requested at the hearing. (*Id.* at 85, 138.) Plaintiff nonsuited the remaining portions of its breach of contract claim without prejudice and moved for an entry of final judgment, which was entered by the state court. (*Id.* at 85-86, 90-91.)

Here, Plaintiff again alleges that Defendant breached the Settlement Agreement by failing to execute the Agreed Judgment and to make the required monthly payments after the notice of default. (doc. 6 at 2-3.) It requests the entry of the Agreed Judgment through specific performance[7] and its

---

[7]In Texas, "[s]pecific performance is an equitable remedy that may be awarded upon a showing of breach of contract." *Stafford v. Southern Vanity Magazine, Inc.*, 231 S.W.3d 530, 535 (Tex.App.–Dallas 2007, pet. denied). Specific performance is not a separate cause of action, but is instead "used as a substitute for monetary damages when such damages could not be adequate." *Id.*

attorney's fees. (*Id.* at 3-4.) Plaintiff's claims in both actions arise out of the same transactions, or series of connected transactions, i.e., Defendant's breach of the Settlement Agreement and Plaintiff's attempts to recover the full amount set out in the Agreed Judgment. *See Weaver v. Texas Cap. Bank N.A.*, 660 F.3d 900, 907 (5th Cir. 2011) ("Where there is a legal relationship, such as [ ] a lease or contract, all claims arising from that relationship will arise from the same subject matter and be subject to res judicata.") (quoting *Sanders v. Blockbuster, Inc.*, 127 S.W.3d 382, 386 (Tex.App.—Beaumont 2004, pet. denied)). Notably, the breach of contract claim seeking specific performance in this action arises from the same core facts and issues underlying the breach of contract claim for damages in the first action.

Plaintiff argues that its claim in this lawsuit was not litigated in the prior lawsuit because it never pursued entry of judgment on the portions of its breach of contract claim relating to Defendant's failure to sign the Agreed Judgment or the amounts owed under the Settlement Agreement after May 2021 were dismissed without prejudice. (doc. 41 at 4.)  Even though Plaintiff sought monetary relief in the first action, and it only seeks specific performance in this lawsuit, "the question is not whether the same remedy is sought; it is whether the claim being asserted arises out of the same subject matter and could have been litigated in the first action." *Dace v. Dace*, No. 01-09-00758-CV, 2011 WL 1326217, at *6 (Tex. App.—Houston [1st Dist.] Apr. 7, 2011, no pet.) (citing *Joachim*, 315 S.W.3d at 862). While Plaintiff nonsuited the portions of its breach of contract claim based on the failure to execute the Agreed Judgment and the payments after the notice of default, "[v]oluntarily withdrawn claims are still subject to the doctrine of res judicata." *Antonini v. Harris Cnty. Appraisal Dist.*, 999 S.W.2d 608, 614 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *see McGowen v. Huang*, 120 S.W.3d 452, 460 n.4 (Tex. App.—Texarkana 2003, pet. denied) ("Claims that are voluntarily

withdrawn are still subject to res judicata even though they were dismissed."); *see also Portillo v. Cunningham*, 872 F.3d 728, 737 (5th Cir. 2017) (explaining that Texas courts have found that claims nonsuited without prejudice may be subject to res judicata) (citing cases). "Otherwise, plaintiffs could use nonsuits to circumvent the res judicata bar by strategically nonsuiting any claims they wish to preserve for later actions. They could thus do precisely what res judicata forbids: serially litigate claims that ought to be decided together." *Portillo*, 872 F.3d at 737 (citing *Barr*, 837 S.W.2d at 631).

  Plaintiff argues that its claim for specific performance could not be litigated in the prior lawsuit because claims for amounts not yet due under the Settlement Agreement were not ripe. (doc. 41 at 5.) Generally, "[r]es judicata cannot bar a claim that was not ripe at the time the first lawsuit was filed." *Eagle Oil & Gas*, 619 S.W.3d at 706 (citing *Compania Financiara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 367 (Tex. 2001)). To be precluded by res judicata, "a claim must be in existence at the time suit is filed, and cannot merely be of prospective anticipated claim." *Hernandez v. Del Ray Chem. Intern., Inc.*, 56 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2001, no pet.). "Texas courts have refused to apply res judicata to claims that were not yet mature at the time of the first lawsuit." *Welsh v. Fort Bend Indep. Sch. Dist.*, 860 F.3d 762, 766-67 (5th Cir. 2017) (collecting cases); *see Hernandez*, 56 S.W.3d at 116 (holding claims concerning transfer of property and promissory note were not barred by res judicata when transfer of property took place after the first trial and promissory note was not the subject of the first trial).

  Plaintiff contends that its claim for specific performance is based, in part, on Defendant's failure to make payments that were not yet due at the time of the first lawsuit and could not be adjudicated in the first lawsuit. (doc. 41 at 5.) A cause of action in the nature of specific performance under a contract immediately accrues once there is a failure to perform, however. *TLC Hosp., LLC v.*

13

*Pillar Income Asset Mgmt., Inc.*, 570 S.W.3d 749, 766 (Tex. App.–Tyler 2018, pet. denied) (citing *F.D. Stella Products Co. v. Scott*, 875 S.W.2d 462, 464 (Tex. App.–Austin 1994, no writ)). Under the terms of the Settlement Agreement, Plaintiff would receive 74 monthly payments through August 2025 for the total amount of $185,000, but it would be entitled to an agreed judgment of $233,333 (less any payments made) if Defendant defaulted on his payment obligations. (*See* doc. 37-1 at 8-9.) As discussed, Plaintiff sought the amount set out in the Agreed Judgment amount in its petition and summary judgment motion in the first lawsuit. (*See id.* at 1-5, 15-21.) The claim for specific performance for entry of agreed judgment existed at the time of the first lawsuit, and Plaintiff sought substantially the same relief against Defendant by requesting the Agreed Judgment amount as damages. *See TLC Hosp.*, 570 S.W.3d at 766.

Plaintiff also argues that its claim for specific performance in this action could not be litigated in the prior lawsuit because the state court "did not have the authority to address claims related to entry of the Agreed Judgment due to the explicit provisions of the Settlement Agreement requiring that any action to file and enter the Agreed Judgment must be brought in the Northern District of Texas, Dallas Division." (doc. 41 at 6.) While Plaintiff contends that the state court "did not have jurisdiction to cause the entry of the Agreed Judgment" (*id.* at 8), "Texas courts have held that a forum selection clause does not deprive a court of subject matter or personal jurisdiction." *Dart v. Balaam*, 953 S.W.2d 478, 482 (Tex. App.–Fort Worth 1997, no writ) (citing cases); *see also OKTEX Util. Constr., Inc. v. MasTec N. Am., Inc.*, No. 3:21-CV-2551-B, 2022 WL 785315, at *3 (N.D. Tex. Mar. 15, 2022) ("Enforcement of a forum-selection clause is a matter of contract, not subject-matter jurisdiction."). Additionally, "like other contractual rights, a forum-selection clause may be waived." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016). "A party waives a forum-selection

14

clause by substantially invoking the judicial process to the other party's detriment or prejudice." *In re ADM Inv'r Services, Inc.*, 304 S.W.3d 371, 374 (Tex. 2010). Even though Plaintiff did not expressly request entry of the Agreed Judgment in the prior action, it sought the amount set out in it as damages. Both parties were actively involved in the litigation, and there is no indication that the state court's adjudicative authority over the case was challenged because of any contractual provision within the Settlement Agreement. There is no evidence that Plaintiff was prevented from seeking specific performance in the prior lawsuit based on a forum-selection clause. The third element is satisfied.

Because Defendant has met its burden to show that all the elements of res judicata are satisfied, and Plaintiff has identified no genuine issue of material fact, Plaintiff's claims against Defendant in this lawsuit are barred and subject to dismissal with prejudice.

## IV. CONCLUSION

Plaintiff's motion for summary judgment is **DENIED**, Defendant's motion for summary judgment is **GRANTED**, and by separate judgment, all of Plaintiff's claims against Defendant will be **DISMISSED with prejudice**.

**SO ORDERED** this 27th day of March, 2023.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE